**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YUDHVINDERPAL SINGH SANDHU; GURPREET KAUR SANDHU, | No. 08-71896 |
| Petitioners, | Agency Nos.      A079-610-047 <br> A079-610-048 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:      CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Yudhvinderpal Singh Sandhu and Gurpreet Kaur Sandhu, natives and

citizens of India, petition for review of the Board of Immigration Appeals' order

affirming an immigration judge's ("IJ") decision denying their application for

asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review for substantial evidence, *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir. 2003), and we deny the petition for review.

The agency found that Mr. Sandhu experienced past persecution on the basis of a single incident in which he and his father were arrested and beaten by Indian police in 1989. Substantial evidence supports the agency's determination that the government rebutted the presumption of a well-founded fear of future persecution by establishing changed circumstances in India. *See* 8 C.F.R. § 1208.13(b)(1); *see also Gonzalez-Hernandez*, 336 F.3d at 999-1001. The agency rationally construed evidence in the record and provided a sufficiently individualized analysis of Sandhu's situation. *See id.* at 1000-01. Accordingly, petitioners' asylum claim fails.

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See id.* at 1001 n.5.

Finally, petitioners' contention that the IJ ignored country conditions evidence is belied by the record.

**PETITION FOR REVIEW DENIED.**